UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

                Plaintiff,

      -against-

AMY SCHELL, LMSW,

                Defendant.

20-CV-5582 (LLS)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

LOUIS L. STANTON, United States District Judge:

Plaintiff, while incarcerated in the Anna M. Kross Center on Rikers Island, filed this action *pro se* and seeks *in forma pauperis* (IFP) status. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

### PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, a prisoner who has filed at least three civil actions or appeals meeting these criteria is ineligible to proceed IFP and must pay the filing fees before the Court can entertain a new civil action unless the prisoner qualifies for the "imminent danger" exception.

The Court has identified three civil actions filed by Plaintiff as strikes under § 1915(g); each of these actions was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

claim on which relief may be granted: *Burns v. Dep't of Health & Human Servs.*, ECF 1:19-CV-2246, 6 (S.D.N.Y. Oct. 4, 2019) (mandamus petition dismissed for failure to state a claim);[1] *Burns v. Foodtown Express of Yonkers LLC*, ECF 1:18-CV-9802, 7 (S.D.N.Y. Dec. 27, 2018) (mandamus petition dismissed for failure to state a claim); and *Burns v. City of Yonkers*, ECF 1:15-CV-3036, 6 (S.D.N.Y. Oct. 2, 2015) (dismissed for failure to state a claim).[2] The Court finds that Plaintiff has accumulated three strikes under the PLRA and he is therefore barred under

---

[1] The Second Circuit has held that the PLRA applies to writs that "seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials." *In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996). Thus, a petition for writ of mandamus is a "civil action" within the meaning of § 1915(g) and may be counted toward the three strikes where the prisoner's mandamus claims are indistinguishable from those typically alleged in a civil rights action. *See id.* at 117; *see also In re Kissi*, 652 F.3d 39, 41-42 (D.C. Cir. 2011); *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997); *Martin v. Grimshaw*, 198 F.3d 248 (Table) (6th Cir. 1999); *Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir.1996). Because Plaintiff sought relief analogous to claims under § 1983 in his mandamus petitions in ECF 1:19-CV-2246, 6, and ECF 1:18-CV-9802, 7, the dismissals of those two actions are considered strikes within the meaning of § 1915(g).

[2] Plaintiff has also filed multiple other cases in this Court. *See Burns v. Westchester Cty. Dep't of Social Servs.*, ECF 1:20-CV-6649, 2 (S.D.N.Y. filed Aug. 20, 2020) (pending civil action under § 1983); *Burns v. Orange Cty. Supreme Ct.*, ECF 1:19-CV-2247, 4 (S.D.N.Y. Apr. 29, 2019) (petition for a writ of *habeas corpus* construed as § 1983 action; dismissed for failure to state a claim and on immunity grounds); *Burns v. State of NY*, ECF 1:18-CV-9561, 4 (S.D.N.Y. Oct. 30, 2018) (petition for a writ of error *coram nobis* denied); *Burns v. City of Yonkers*, ECF 1:18-CV-9224, 4 (S.D.N.Y. Aug. 2, 2019) (*habeas corpus* action dismissed without prejudice for failure to pay the filing fee); *Burns v. Warden, Westchester Cty. Jail*, ECF 1:18-CV-6792,11 (S.D.N.Y. Feb. 1, 2019) (petition for a writ of *habeas corpus* denied); *Burns v. City of Yonkers*, ECF 1:18-CV-4313, 4 (S.D.N.Y. June 20, 2018) (nonprisoner § 1983 action dismissed for failure to state a claim); *Burns v. Cty. Of Westchester Dep't of Corr.*, ECF 7:15-CV-2463, 14 (S.D.N.Y. July 21, 2016) (§ 1983 action dismissed without prejudice for lack of prosecution); *Burns v. Westchester Cty. Dep't of Social Servs.*, ECF 1:14-CV-7203, 3 (S.D.N.Y. Nov. 17, 2014) (nonprisoner § 1983 action dismissed without prejudice for failure to pay filing fees or submit IFP application); *Burns v. SSA*, ECF 1:14-CV-7202, 18 (S.D.N.Y. June 7, 2016) (nonprisoner social security benefits action dismissed for lack of prosecution and mootness); *Burns v. Warden Westchester Cty. Jail*, ECF 1:11-CV-0141, 4 (S.D.N.Y. Mar. 3, 2011) (petition for a writ of *habeas corpus* denied); *Burns v. Westchester Cty. Dep't of Corr.*, ECF 1:10-CV-0185, 10 (S.D.N.Y. Sept. 28, 2011) (§ 1983 action dismissed for lack of prosecution); *Burns v. City of Yonkers*, ECF 7:10-CV-0163, 8 (S.D.N.Y. May 6, 2011) (§ 1983 action dismissed without prejudice for lack of prosecution); *Burns v. Amicucci*, No. 09-CV-10345 (LAP) (S.D.N.Y. Dec. 21, 2009) (petition for a writ of *habeas corpus* denied).

28 U.S.C. § 1915(g) from filing any actions IFP. Because Plaintiff is barred under § 1915(g) from proceeding IFP unless he is "under imminent danger of serious physical injury," he must pay the filing fee for this action.

Plaintiff does not allege any facts suggesting that he was in imminent danger of serious physical injury when he filed this case.[3] Instead, he brings this action asserting that between June 2018 and May 2019, while he was detained in the Westchester County Jail pursuant to a criminal matter, Defendant interfered with his criminal case and "orchestrated" his involuntary admission to a hospital in retaliation for his filing of grievances against her. (ECF No. 2, at 8.)

### NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[4]

---

[3] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[4] Plaintiff is not barred from filing a new case by prepaying the filing fee.

3

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under § 1915(g) from filing future actions IFP while he is a prisoner. All other pending matters are terminated.

SO ORDERED.

Dated:    September 4, 2020
          New York, New York

                                          Louis L. Stanton
                                          Louis L. Stanton
                                          U.S.D.J.