UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

                    Plaintiff,

           -against-

AMY SCHELL, LMSW,

                   Defendant.

20-CV-5582 (LLS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LOUIS L. STANTON, United States District Judge:

Plaintiff files this action *pro se* and seeks to proceed *in forma pauperis* (IFP). On September 4, 2020, the Court noted that while he was a prisoner, Plaintiff had filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, and it ordered Plaintiff to show cause by declaration within thirty days why he should not be barred under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from filing further actions IFP in this Court while he is a prisoner.

Plaintiff filed a declaration on September 21, 2020, but the declaration fails to rebut the Court's findings that he has accumulated at least three strikes under the PLRA and is therefore barred under § 1915(g).

## DISCUSSION

The PLRA's three-strikes provision prevents a prisoner from bringing new cases IFP unless he is in imminent risk of serious physical harm, if he has had three or more prior actions that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). In the September 4, 2020 order, the Court identified three civil actions filed by Plaintiff as qualifying strikes under § 1915(g); each of these actions was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

claim on which relief may be granted: *Burns v. City of Yonkers*, ECF 1:15-CV-3036, 6 (S.D.N.Y. Oct. 2, 2015) (*Burns I*) (dismissed for failure to state a claim); *Burns v. Foodtown Express of Yonkers LLC*, ECF 1:18-CV-9802, 7 (S.D.N.Y. Dec. 27, 2018) (*Burns II*) (mandamus petition dismissed for failure to state a claim); and *Burns v. Dep't of Health & Human Servs.*, ECF 1:19-CV-2246, 6 (S.D.N.Y. Oct. 4, 2019) (*Burns III*) (mandamus petition dismissed for failure to state a claim).

### A.    Plaintiff's Declaration

Plaintiff contends in the declaration that he should not be barred under § 1915(g) from proceeding IFP because: (1) no defendants were served in the three cases identified as strikes; (2) he is not a "vexatious litigant," but rather a "layman at law with some legal knowledge," who has "made some foolish mistakes," principally attempting to file common law writs in federal court; (3) *Burns II* and *Burns III* were erroneously classified as strikes because they were mandamus petitions that were improperly construed as civil actions; and (4) *Burns III* was dismissed on October 4, 2019, when he was not in custody. (ECF No. 6, at 3-6.) Referencing a footnote in the Court's September 4, 2020 order about non-strike cases he has filed, Plaintiff also notes that he is "known to [the] Court and now coming under [its] scrutiny," and he appears to assign improper motives to the Court's consideration and dismissal of his cases. (*Id*. at 4.) He contends that he filed cases that "the Court should not entertain anyhow, but it does to charge him under the PLRA." (*Id*.) Plaintiff further asserts that a bar under the PLRA is a "drastic" and "unfair" measure that implicates his right of access to the courts. (*Id*. at 3-4, 6.)

### B.    Plaintiff's Three Strikes

The Court first addresses Plaintiff's principal contention that the three cases identified by the Court are not strikes under § 1915(g).

1. ***Burns I*, ECF 1:15-CV-3036, 6**

Plaintiff filed *Burns I* when he was detained in the Westchester County Jail. He sued the City of Yonkers under 42 U.S.C. § 1983, asserting that members of the Yonkers Police Department denied him medical and mental health treatment after he experienced a "psychotic episode" and got into an altercation with his mother. (ECF 1:15-CV-3036, 5, at 2.) On June 25, 2015, then-Chief Judge Loretta A. Preska held that Plaintiff had failed to assert a municipal liability claim against the City of Yonkers or sufficient facts to suggest that the police officers violated his federally protected rights. But Judge Preska granted him sixty days' leave to submit an amended complaint to: (1) allege facts showing how the City of Yonkers is liable under § 1983; (2) name as defendants the individuals who were personally involved in the alleged violations; and (3) allege facts suggesting that the police officers were obligated to provide him with medical and mental health treatment and were deliberately indifferent to his serious medical and mental health needs. (*See id*. at 2-5.) Judge Preska also specified that failure to comply would result in dismissal of the complaint for failure to state a claim on which relief may be granted. Because Plaintiff did not submit an amended complaint as directed, on October 15, 2015, Judge Preska dismissed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. (ECF 1:15-CV-3036, 6.)

As *Burns I* was dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, the dismissal constitutes a strike under § 1915(g).

2. ***Burns II*, ECF 1:18-CV-9802, 7**

While detained in the Mid-Hudson Forensic Psychiatric Center, Plaintiff filed *Burns II* – a mandamus petition – against Foodtown Express of Yonkers LLC (Foodtown). Plaintiff asserted that Yonkers police officers assaulted a man named Dan at Foodtown, and he sought a court order to compel Foodtown to divulge the contents of a store video showing the assault. After

determining that a mandamus action filed in federal court can only be brought against federal actors, this Court held that because Foodtown was a private entity, and not a federal agency, Plaintiff could not seek mandamus relief against Foodtown. Further, the Court found that Plaintiff had failed to show that he was entitled to access the video at issue. The Court ultimately dismissed *Burns II* under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. (*See* ECF 1:18-CV-9802, 7, at 2-3.)

Plaintiff's main argument about *Burns II* is that the Court should not have entertained it as he was not entitled to mandamus relief against Foodtown – a private entity– and that it should not be considered a strike under § 1915(g). The Second Circuit has held that the PLRA applies to writs that "seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials." *In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996). Thus, a petition for writ of mandamus is a "civil action" within the meaning of § 1915(g) and may be counted toward the three strikes where the prisoner's mandamus claims are indistinguishable from those typically alleged in a civil rights action. *See id.* at 117; *see also In re Kissi*, 652 F.3d 39, 41-42 (D.C. Cir. 2011); *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997); *Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir.1996).

Whether or not Plaintiff was entitled to the requested relief, Plaintiff filed a federal action that the Court was obligated to address. Because the mandamus petition was not directed at a judge conducting a criminal trial and contained claims that prisoners typically alleged in a civil rights action, it was appropriate for the Court to treat it as a civil rights action and dismiss it under § 1915(e)(2)(B)(ii) for failure to state a claim. *See In re Nagy*, 89 F.3d at 116. Thus, the dismissal of *Burns II* is considered a strike within the meaning of § 1915(g).

**3.** *Burns III*, ECF 1:19-CV-2246, 6

Plaintiff, while again detained at the Westchester County Jail, filed *Burns III* – another mandamus petition – against the United States Department of Health and Human Services ("HHS"). He asserted a violation of the Health Insurance Portability and Accountability Act of 1996 and sought a court order to compel HHS to investigate a complaint he filed with the agency. HHS's Office for Civil Rights had issued a written decision declining to investigate Plaintiff's claims.

On October 4, 2019, Chief Judge Colleen McMahon dismissed the complaint under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Chief Judge McMahon determined that Plaintiff had no clear right to the relief he sought, and therefore, the Court could not compel HHS to investigate his claims. (ECF 1:19-CV-2246, 6, at 3.)

Similar to his arguments with respect to *Burns II*, Plaintiff asserts that because he filed *Burns III* as a mandamus petition, the Court should not have entertained the action and it should not be considered a strike. He also claims that because he was no longer in custody on the date the decision was issued, October 4, 2019, it should not be considered a prisoner action within the meaning of § 1915(g). But as with *Burns II*, the Court finds that because the writ sought in *Burns III* was not directed at a judge conducting a criminal trial and because the action contained claims typically found in civil rights actions, it was appropriate for Judge McMahon to treat it as a prisoner action and dismiss it under § 1915(e)(2)(B)(ii). Further, the fact that the dismissal order in *Burns III* was issued when Plaintiff was no longer in custody has no bearing on whether it should be considered a prisoner action under the PLRA. Because Plaintiff was held in the Westchester County Jail when he filed *Burns III*, he was a prisoner subjected to the PLRA's

restrictions at the time he filed the case[1] and faced the PLRA's restrictions. *See Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'") (citation omitted). His subsequent release from custody before Judge McMahon issued the dismissal order did not convert *Burns III* into a nonprisoner case.

For the reasons stated, the Court finds that *Burns III* was a dismissal on a § 1915(g) ground and counts as Plaintiff's third strike.

**C.     Plaintiff's Remaining Arguments**

Plaintiff's remaining contentions on why he should not be barred under the PLRA from proceeding IFP are without merit. The dismissal of a case before service on the defendants does not disqualify an action as a strike, as Plaintiff suggests. In fact, the PLRA *requires* district courts to screen complaints filed by prisoners "as soon as practicable after docketing," and to dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 29 U.S.C. § 1915(e)(2)(B). Such dismissals ordinarily qualify as strikes for purposes of 28 U.S.C. § 1915(g).

Further, a prisoner's First Amendment right of access to the court system is not unconstitutionally burdened by the three-strikes rule. *See Carolina v. Rubino*, 644 F. App'x 68, 71 (2d Cir. 2016); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007). Section 1915(g) does

---

[1] Under the PLRA, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h).

not prevent prisoners from filing civil actions, it merely prevents them from proceeding IFP

"after repeated filings reaching a level that Congress has deemed abusive." *Carolina*, 644 F.

App'x at 71.

Finally, there is no merit to Plaintiff's remaining excuse – that the Court should have

refrained from entertaining his prior cases because he is a layman without the requisite legal

knowledge who acted foolishly by filing common law writs for which he was not entitled to

relief. These arguments are immaterial to the applicability of the PLRA's three-strikes rule. In

determining whether an action qualifies as a strike, Plaintiff's ignorance of the law is not a valid

excuse, and cannot be used to relitigate prior court decisions.

**D.      Plaintiff Is Barred Under § 1915(g) from Proceeding IFP**

"Congress adopted the [PLRA] with the principal purpose of deterring frivolous prisoner

lawsuits and appeals." *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir 1997). The PLRA's three-

strikes provision furthers this goal by limiting courts' discretion to grant IFP status to prisoners

with a record of meritless litigation. *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007). The

determination of strikes "hinges exclusively on the basis for the dismissal," not on factors that

are not enumerated in the PLRA. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020).

Plaintiff's lack of legal knowledge, admitted foolishness, or belief that the Court's actions were

inappropriate do not excuse him from the consequences of the PLRA. As harsh as the result may

be, the Court must follow the PLRA's three-strikes rule, and here it dictates that because Plaintiff

has filed at least three cases that meet strike criteria, he is barred under § 1915(g).[2] *See Chavis v.*

*Chappius*, 618 F.3d 162, 169 (2d Cir. 2010).

---

[2] Plaintiff also requests in the declaration additional time to address "errors in the filings
and pleadings and why the PLRA provisions may not apply." (ECF No. 6, at 6-7.) The Court
finds that there is no need for Plaintiff to provide additional information in this matter. The
documents before the Court are sufficient to make a determination on the applicability of the

### E.        Plaintiff Is Not in Imminent Danger

"[T]he only exception to payment of the filing fee for a prisoner who has accumulated three strikes arises if the prisoner is under 'imminent danger of serious physical injury.'" *Akassy v. Hardy*, 887 F.3d 91, 97 (2018) (citation and internal quotation marks omitted). Plaintiff does not allege any facts to suggest that he should be permitted to proceed IFP in this action because he was in imminent danger of serious physical injury at the time he filed this complaint. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). In this action, Plaintiff asserts claims arising from his detention in multiple facilities from June 2018 to May 2019. The Court received this action on July 16, 2020, more than one year and two months after Defendant Schell allegedly interfered in Plaintiff's state-court criminal proceedings by furnishing medical information that affected his ability to be release from custody. Because Plaintiff's complaint does not show that he was in imminent danger at the time he filed this action, the Court denies him permission to proceed IFP and dismisses this action under § 1915(g).

### CONCLUSION

While Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Because Plaintiff has not shown cause why the bar order should not be imposed, Plaintiff is barred from filing future actions IFP in this Court while a prisoner unless he is under imminent threat of serious physical injury. Plaintiff is warned that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

---

three-strikes rule. The Court therefore denies Plaintiff's request for additional time.

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's three-strikes rule, subject to reopening if Plaintiff pays the relevant filing fees of $400.00 within thirty days of the date of this order. *See* 28 U.S.C. § 1915(g).[3] All other pending matters in this case are terminated.

The Clerk of Court is directed to mail a copy of his order to Plaintiff and note service on the docket. The Clerk of Court is further directed to close this action.

SO ORDERED.

Dated:   October 28, 2020
         New York, New York

                                              Louis L. Stanton
                                              Louis L. Stanton
                                              U.S.D.J.

---

[3] If Plaintiff commences a new action while a prisoner by paying the filing fee, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).