UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

                        Plaintiff,

            -against-

AMY SCHELL, LMSW,

                        Defendant.

20-CV-5582 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, filed this action and sought leave to proceed *in forma pauperis* ("IFP") On October 28, 2020, Judge Louis L. Stanton determined that Plaintiff, as a prisoner, is barred from proceeding IFP under the "three strikes provision" of the Prison Litigation Act, 28 U.S.C. § 1915(g), denied him permission to proceed IFP, and dismissed this action. (ECF 7.) Plaintiff appealed to the United States Court of Appeals for the Second Circuit, and on January 31, 2023, that court affirmed Judge Stanton's order finding that Plaintiff was barred under Section 1915(g). *See Burns v. Schell*, No. 20-3883, 2023 WL 1113215 (2d Cir. Jan. 31, 2023) (summary order).

On November 7, 2023, the Court received from Plaintiff a motion in which he appears to challenge the October 28, 2020 order. (ECF 14.) In the submission, Plaintiff asserts that documents were returned in cases that he filed in 2015 in this court, 15-CV-2463 and 15-CV-2246, and he attaches to the motion his prisoner account statement from the Westchester County Department of Correction and a letter relating to grievances from the New York State Commission of Correction. It appears that Plaintiff may be seeking reconsideration of the October 28, 2020 order. After reviewing Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Plaintiff filed this motion for reconsideration after the Court of Appeals affirmed the October 28, 2020 order and dismissed his appeal. "[W]here the appellate court has already considered and rejected the basis for a [motion for reconsideration]," *DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994), a district court does not have jurisdiction to grant the motion unless it is based on newly discovered evidence or later events not considered by the appellate court, *see Searles v. City of Beacon*, 488 F. App'x 511, 512 (2d Cir. 2012) (citing *DeWeerth*, 38 F.3d at 1270); *see also Standard Oil Co. v. United States*, 429 U.S. 17 (1976) (holding that, under certain circumstances, a district court may reopen a case that has been reviewed on appeal). Because Plaintiff does not allege facts suggesting that the present motion is based on newly discovered evidence or later events not considered by the appellate court, the Court lacks jurisdiction of Plaintiff's motion.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration (ECF 14). All other pending matters in this case are terminated.

This action is closed. The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   November 13, 2023
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                               Chief United States District Judge